# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **13-06121-jw**

## Consent Order

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**02/11/2015**



Entered: 02/11/2015

/s/ John E. Waites

US Bankruptcy Judge
District of South Carolina

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BK # 13-06121-jw |
| Michael and Lakesha Campbell | ) ) | Chapter 13 |
| | ) | |
| Debtors, | ) | **ORDER ON MOTION TO COMPEL** |

On the Debtors' motion and without objection, on September 17, 2014 an Order on Motion to Substitute Collateral (Doc. No. 26) ("Order") was entered in this case concerning insurance proceeds from the Debtors' 2007 BMW 750i vehicle which served as collateral for a loan to the Debtors by JP Morgan Chase, NA ("Chase"). Such an order is commonly used in Chapter 13 bankruptcy cases to allow debtors to use insurance proceeds from a creditor's collateral to obtain and use substitute property of equal or greater value, and to protect the creditor from any loss by having the substitute property serve as the creditor's collateral.

In this case, the Order allowed the Debtors to use the insurance proceeds from Chase's collateral to obtain a substitute vehicle of equal or greater value, and provided that the substitute vehicle would serve as Chase's collateral. The Order operates by providing that the insurance proceeds shall be delivered to the Debtors' attorney for proper disbursement, and then requires the Debtors' attorney to i) ensure that title to the substitute collateral is delivered to Chase, ii) to monitor all transactions, and ii) to hold the insurance proceeds in trust for proper disbursement.

After more than sixty (60) days passed from entry of the Order without having received a substitute title, and after attempting through Debtors' counsel to obtain a substitute title, Chase on December 9, 2014 filed an Amended Motion to Compel Compliance with Order (Doc.No. 29) ("Motion") for an order to compel the Debtors to comply with the terms of the Order. On January 15, 2015 a hearing was held on the Motion. It appears from the evidence adduced at the hearing, and the court finds, that the Debtors received the insurance proceeds of $15,024 from their attorney on or about November 5, 2014, and did use some of those proceeds to purchase two (2) vehicles: a 2001 Ford Explorer and a 2003 Mitsubishi Galant ("Vehicles") with a combined NADA

value of $6,675. The Debtors did not forward the titles to the Vehicles, issued to the Debtor Lakesha R. Campbell on November 25, 2014, to Chase as required by the Order. The Debtors did tender the titles to Chase at the time of the hearing.  The Debtors testified that those insurance proceeds not used to the purchase the Vehicles were used by the Debtors to pay past due and current living expenses, despite knowing the Order only authorized those proceeds to be used for purchase of a substitute vehicle.

At the conclusion of the January 15th hearing the court found that the Debtors were in contempt of the Order by using the insurance proceeds to pay living expenses, and took Chase's motion under advisement. The court also noted that, since the insurance proceeds were delivered to the Debtors and clearly not properly disbursed, the Debtors' attorney may not have been diligent in ensuring proper disbursement of those proceeds. At the request of the Debtors and Chase, the court held entry of a written order in abeyance to afford the Debtors, Chase and the Trustee an opportunity to settle the issues raised by Chase's motion and the Debtors' use of the insurance proceeds.

At the subsequent hearing on January 29, 2015 the Debtors, Chase and the Trustee announced the following settlement agreement:

1. Chase shall have a non-dischargeable judgment entered in this court against the Debtors for $17,280.77 which is the amount due on the loan, plus interest at the contract rate, provided Chase may not enter the judgment in any other court unless this case is dismissed or converted to one under Chapter 7;

2. Chase may perfect a lien on the titles to the Vehicles which shall secure the balance due on Chase's claim under the Plan, provided that if this case is dismissed or converted to one under Chapter 7 the lien shall secure the balance due Chase on the judgment set forth above;

3. The Debtors' 2014 and 2015 federal and state tax refunds shall be assigned to Chase and applied to Chase's claim under the Plan, and Chase shall file an amended claim following any receipt of any tax refund;

4. The Debtors will continue with their Plan payments to Chase as provided in the Plan confirmed January 31, 2014.

5. If the Debtors case is dismissed or converted to one under Chapter 7, their attorney will guarantee payment of the amount due Chase up to $5,000.00.

It appears to the satisfaction of the court, based upon the Order, the Debtors' failure to promptly forward Chase the titles to the Vehicles, the Debtors' contemptuous use of a majority of the insurance proceeds, and the failure of the Debtors' counsel to ensure the proper disbursement of all the insurance proceeds, that the forgoing settlement is reasonable, and should be the order of the court.  It further appears by their signatures attached to this order that all parties have consented to this relief and that

**AND IT IS SO ORDERED.**

**WE SO MOVE AND CONSENT:**

/s/ Tobias G. Ward, Jr.  
Attorney for Movant  
District Court I.D. #4520

/s/ James E. Hinson  
Attorney for Debtors  
District Court I.D. #10367

/s/ William K. Stephenson, Jr.  
Chapter 13 Trusteee

**CERTIFICATION:**

     Prior to consenting to this order, the obligations set forth in this Order, including the amounts, method, and timing of payments, and consequences of default were reviewed with and agreed to by the Debtors or the party obligated to pay.

/s/ James E. Hinson  
Attorney for Debtor  
District Court I.D. #10367